

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clint Barham
County Attorney
Erath County
Stephenville, Texas

Dear Sir:

Opinion No. O-3958
Re: Whether or not a voting contest
whereby votes are given with the
purchase of drugs or other mer-
chandise from a certain drug
store, the number of votes vary-
ing with the amount of the pur-
chase, and prizes being awarded
to the contestant having the
largest number of votes after
the contest has continued for
a certain stated length of time
constitutes a lottery.

Your letter of November 19, 1941, is quoted as follows:

"A drug store in this county is giving away
prizes for votes that are obtained by the pur-
chase of merchandise in the store. Each penny's
worth of merchandise purchased entitles one to
a vote. Customers may come in and buy an arti-
cle and either keep the votes for themselves or
permit them to be credited to some other person.
This contest is to run for about a month and was
started yesterday. Two bicycles are the grand
prize and there are other prizes of lesser value
given for a lesser number of votes.

"It seems that the most recent case concern-
ing lottery is the City of Wink vs. Griffin Amuse-
ment, 100 S. W. 2nd 695. In that case the court
held that chances at a prize designated as 'free'
and given with purchase is not in fact 'free' al-
though article purchased is worth full price as
respects whether transaction constitutes lottery,
but payment for chance is embraced in part of pur-
chase price. I am just wondering if the holding
in that case would not be applicable to the hold-
ing of this case under consideration. In the
state of facts submitted here in our case the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the purchaser of the article does not get the bene-
fit in some cases of the purchase since he gives
his votes to some other person. I am unable to
find this precise question answered in the cases
or any of your opinions. We are very anxious to
have an opinion on this as soon as possible in or-
der that we may inform the drug store manager as
to whether or not he is violating the law. If at
all possible please let us have an opinion in the
next two or three days. In my opinion this state
of facts does constitute lottery even though the
purchaser does receive the benefit in some cases."

Section 47 of Article 3 of the Constitution of Texas
reads:

"The Legislature shall pass laws prohibiting
the establishment of lotteries and gift enter-
prises in this State, as well as the sale of
tickets in lotteries, gift enterprises or other
evasions involving the lottery principle, estab-
lished or existing, in other states."

In accordance with this provision of the Constitution
of the State, the Legislature passed Article 654 of the Penal
Code, which reads as follows:

"If any person shall establish a lottery or
dispose of any estate, real or personal, by lottery,
he shall be fined not less than One Hundred ($100)
Dollars nor more than One Thousand ($1,000) Dollars;
or if any person shall sell, offer for sale or keep
for sale any tickets or part tickets in any lottery,
he shall be fined not less than Ten ($10) Dollars
nor more than Fifty ($50) Dollars."

In City of Wink v. Griffin Amusement Company, 100
S. W. (2d) 695, (Tex. Sup. Ct.) the court said:

"The State Penal Code does not define a lot-
tery, but our courts have interpreted it in accord-
ance with public usage, to mean a scheme or plan
which provides for a distribution of prizes by
chance among those who have paid, or agreed to pay,

a consideration for the right to participate therein.
25 Tex. Jur. P. 409, Sec. 2, and the cases cited in
the notes."

And in a later case Smith v. State, 127 S. W. (2d)
297, our Court of Criminal Appeals has the following to say:

"A fair definition of a lottery is found in
the holding that it is necessary, in order to es-
tablish a lottery, that three things concur:
(1) there must be a prize; (2) the ownership of
such prize must be arrived at by chance, and
(3) there must be some consideration moving from
the recipient of such prize to the donor of such
prize. All these three necessary constituents
must be present before the establishment of a
lottery is shown."

On numerous occasions this department has passed
on lottery questions. The file numbers of some of these opin-
ions are O-428, O-967, O-1174, O-1200, O-1329, O-1336, O-1789.
Should you desire copies of any or all of these opinions this
department will be glad to furnish same at your request.

Our courts have held that any scheme for the distri-
bution of prizes by chance is a lottery in State v. Randall,
41 Tex. 296, and Holman v. State, 47 S. W. 850, In City of
Wink v. Griffin Amusement Company, supra, the bank night scheme
was held to be a lottery, in Robb and Rowley, et al v. The
State, 127 S. W. (2d) 221, the "Bank Night" scheme was held
to be a lottery and in Smith v. The State, supra, the Noah's
Ark scheme was held to be a lottery.

We believe, however, that the plan described in
your letter and the circulars and advertisements accompany-
ing your letter is distinguishable from any and all of the
schemes which the above cited opinions held to be lotteries
within the prohibition of Article 654 of the Penal Code.
The plan described by you wherein a drug store gives votes
with the purchase of merchandise from such drug store, the
number of votes depending upon the amount of the price of the
purchase, the votes then being cast by the purchaser of the
merchandise for and in favor of any contestant in whose behalf

Honorable Clint Barham, Page 4

the purchaser chooses to cast such vote and prizes being awarded at the end of a stated time to the contestant or contestants having the greatest number of votes, the principal prize being awarded to the contestant having the greatest number of votes, the second most important prize going to the contestant having the second largest number of votes, etc., we think clearly has two of the elements necessary to make it a lottery. First, the plan requires the payment of a consideration in order for the purchaser to participate in the contest by receiving votes in that he must make a purchase at this drug store in order to receive the votes, and the fact that the price of the merchandise is no greater than it would be if no votes were given with the purchase does not alter the fact that it is "consideration" as consideration is defined in the opinions. Second, the prize element is also contained in this plan, because prizes are awarded to contestants in accordance with the number of votes cast in their behalf. However, we do not believe that the third element "chance" is present in this plan so as to bring it within the definition of the opinion holding that selecting the recipient of the prize or prizes by chance is an essential element to constitute a lottery since the number of votes received by each contestant seems to depend largely or entirely upon his popularity, upon his skill and eloquence and persuasive ability in persuading others to cast their votes for him or his financial ability to buy merchandise entitling him to votes. Therefore, we are of the opinion that the "voting contest" described by you is lacking in one of the essential elements necessary to make it a lottery and is not such a lottery as is made punishable under Article 654 of our Penal Code.

We are unable to find in the reported decisions of our State any cases bearing directly upon or describing such "voting contests" as that described in your letter but upon searching the decisions of other jurisdictions, we have found several cases in which such "voting contests" were held not to be lotteries and no cases in which such contests were held to be lotteries. While these cases from other states would not be considered as controlling, we think they are persuasive and for your information we quote the applicable parts of such cases below, together with their citations:

"A voting contest in a store with a piano and silverware as prizes to be awarded to the contestants having at the end of the contest the most

Honorable Clint Barham, Page 5.

votes, which could be acquired only by purchasing merchandise at the store, or by procuring votes from other contestants, did not constitute a 'lottery', within Rev. Laws, c. 214, § 7. Whitman v. Fournier, 125 N. E. 303, 233 Mass. 154.

"The operator of a popularity contest under which merchants issued ballots to customers, entitling customers to vote for any person not engaged in sponsoring or promoting the contest, the winners of which were entitled to certain prizes, was not guilty of operating a 'lottery' prohibited by statute, since element of 'chance' was lacking. P. L. 8683. State v. Lindsay, Vt., 2 A. 2d 201.

"A scheme by which a merchant or association on selling merchandise at regular prices issues to purchasers ballots entitling them to express their choice a certain number of times, according to the price of articles bought, in favor of any person competing for prizes to be given to the persons receiving or holding the greatest number of votes, is not a 'lottery' prohibited by statute. P. L. 8683. State v. Lindsay, Vt., 2 A. 2d 201.

"A scheme by which a merchant, on selling merchandise at regular prices, issues to purchasers ballots entitling them to express their choice a certain number of times, according to the price of articles bought, in favor of any person competing for prizes to be given to the persons receiving or holding the greatest number of votes, is not a 'lottery', not involving an element of chance. National Sales Co. v. Manolet, 162 P. 1055, 1056, 83 Or. 34, L. R. A. 1917D, 485.

"The fact that there might have been fraud or sharp practice during popularity contest under which merchants issued ballots to customers entitling customers to vote for any person not engaged in sponsoring or promoting the contest, the winners of which were entitled to certain prizes, did not render the contest a 'lottery', since any such fraud or sharp practice, if shown, would not tend to indicate that blind fate was the deciding factor in the contest. P. L. 8683. State v. Lindsay, Vt., 2 A. 2d 201."

Honorable Clint Barham, Page 6


You are respectfully advised that in the opinion of this department the plan described by you does not constitute a lottery and is not prohibited or punishable under the provisions of our Penal Code.

This plan may be "a gift enterprise" such as that described by the provisions of the Constitution of Texas hereinabove set out. If it is the kind of "gift enterprise" described in said constitutional provision then it is against public policy being in contravention of the Constitution of the State of Texas. However, the Legislature has thus far not seen fit to effectuate this provision of our Constitution and has not prohibited or provided sanctions for the punishment of those operating gift enterprises if, in fact, the plan described by you is the kind of gift enterprise contemplated by the Constitution.

We trust that we have sufficiently and satisfactorily answered the inquiry contained in your letter.


APPROVED MAR 13, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Robert F. Cherry
Assistant

RFC:mp

